# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Thomas Carter, | ) | |
|     Plaintiff, | ) | Case No: 15 C 2256 |
| | ) | |
| v. | ) | |
| | ) | Judge Kennelly |
| J.P. Morgan Chase, N.A. and | ) | |
| U.S. Security Associates, Inc., | ) | |
|     Defendants. | ) | |

## ORDER

For the reasons stated below, the Court grants defendants' motion to dismiss plaintiff's second amended complaint [dkt. no. 46] and directs the Clerk to enter judgment dismissing this case with prejudice. The status and ruling date of December 17, 2015 is vacated.

## STATEMENT

On April 24, 2014, Thomas Carter, a retired U.S. Army captain, went to a J.P. Morgan Chase facility in Elk Grove Village, Illinois for an interview with a Chase subcontractor. He was denied entry by two security officers working for U.S. Security Associates, Inc., another Chase subcontractor hired to perform security at the facility. When the security officers asked Mr. Carter for identification, he did not have his driver's license with him (it was in his car), so he presented a US military identification card. The officers declined to accept this, saying the only forms of identification that were acceptable were a driver's license or passport. Mr. Carter tried to convince them that his military ID was valid federal identification, but they refused. He then went to his car and retrieved his driver's license. But the officers refused to accept that too, citing their earlier interaction with Mr. Carter. Mr. Carter ultimately got his interview, but he did not get the job. He says that a representative of the contractor attributed this to his interaction with the security officers.

In May 2014, Mr. Carter filed a discrimination charge against Chase with the Illinois Department of Human Rights (IDHR), alleging denial of access to a place of public accommodation based on his military status. The IDHR dismissed the charge in February 2015. Mr. Carter appealed the dismissal to the Illinois Human Rights Commission.

Mr. Carter filed the present lawsuit in March 2015. His amended complaint, filed later, included claims under the Illinois Human Rights Act (IHRA), the federal Vietnam Era Veterans Readjustment Assistance Act (VEVRAA), and the federal Uniformed Services Employment and Reemployment Rights Act (USERRA). The Court granted the defendants' motion to dismiss those claims. The Court ruled that it lacked authority to

consider the IHRA claim because Mr. Carter had not yet exhausted administrative remedies; the VEVRAA does not provide a private right of action; and he could not sue Chase or U.S. Security under USERRA because they were not the prospective employer.

Mr. Carter then filed a second amended complaint, naming the same defendants. The second amended complaint's introductory language says that he is asserting claims under USERRA, for "document fraud" and conspiracy, under the Racketeer Influenced and Corrupt Organizations Act (RICO), for age discrimination under the Age Discrimination in Employment Act (ADEA), and for retaliation. Defendants have again moved to dismiss.

1. The Court dismisses Mr. Carter's ADEA claim because he did not file a timely charge of age discrimination with the Equal Employment Opportunity Commission (EEOC). The law requires a plaintiff in an ADEA case to first file a charge of discrimination with the EEOC, within 300 days of the alleged unlawful employment practice. 29 U.S.C. § 626(d)(1)(B). The charge that Mr. Carter filed with the IHRA does not qualify because it did not allege age discrimination. Mr. Carter first filed a charge of age discrimination against Chase on August 27, 2015 and against U.S. Security on September 9, 2015. Neither of these charges was filed within anywhere near 300 days of the challenged conduct, which took place in April 2014. In his response to the motion to dismiss, Mr. Carter says he first communicated with the EEOC in September 2014. That, however, is insufficient. The law requires filing a charge of discrimination, and Mr. Carter did not do so until over 500 days after the challenged conduct.

2. Mr. Carter's claim of "retaliation" is likewise legally deficient. He says he was retaliated against for asserting his rights under various federal statutes. With the exception of the ADEA, none of these provides a right of action for retaliation. Mr. Carter's ADEA retaliation claim does not cite any retaliatory conduct other than what Mr. Carter says took place in April 2014. Thus any conceivable ADEA retaliation claim is barred for failure to file a timely charge of discrimination, just as his claim for age discrimination is barred for that reason.

3. Mr. Carter does not have a viable USERRA claim, for the reasons cited in the Court's previous ruling. He has offered nothing new in his second amended complaint that would warrant altering that ruling.

4. Any claim under the RICO statute is legally frivolous. A civil claim under that statute requires the plaintiff to allege a pattern of racketeering activity—more specifically, a pattern that involves at least two violations of the criminal laws cited in the RICO statute, *see* 18 U.S.C. §§ 1961(1), (5)—and Mr. Carter alleges nothing that would approach criminal wrongdoing under any of those laws.

The Court does not doubt that Mr. Carter's encounter with the security guards was frustrating and aggravating, but he has not identified, and he cannot identify, any viable legal claim despite several attempts to do so. The Court does not see any basis on

which he conceivably could assert a viable claim if given yet another try. At this juncture, it is appropriate to enter judgment against him.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: Dec. 16, 2015